IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, also known as Nerrah Brown,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C. JOKSCH, et al.,<br><br>　　　　　Defendants. | No. 2:18-CV-2518-MCE-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Foulk's motion to revoke plaintiff's in forma pauperis status (ECF No. 13) and defendant Joksch's joinder (ECF No. 23). Defendants contends in forma pauperis status should be revoked pursuant to the Prison Litigation Reform Act (PLRA).

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

1

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. Dismissals for failure to exhaust available administrative remedies generally do not count as "strikes" unless the failure to exhaust is clear on the face of the complaint. See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

When in forma pauperis status is denied, revoked, or otherwise unavailable under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."

This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th

Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

This court has previously determined plaintiff has three or more "strikes." See Wilkins v. Gonzalez, No. 2:16-CV-0347-KJM-KJN; Brown (aka Wilkins) v. Galvin, No. 2:16-CV-2629-JAM-DB. The court takes judicial notice of these prior determinations, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967), and likewise concludes plaintiff has three or more "strikes." The court also finds plaintiff has not faced imminent danger of serious bodily physical injury at the time the action was filed. See Andrews v. Cerbantes, 493 F.3d 1047, 1055 (9th Cir. 2007). Plaintiff claims of being forced to share a cell with predatory inmates in late 2013 and into 2014. See ECF No. 1, pgs. 6-7. According to plaintiff, this alleged conduct exposed him to safety risks, in violation of the Eighth Amendment. See id. 8. Plaintiff also states that, on April 4, 2014, his classification was "made 'single cell' status." Id. Thus, as of the time this action was filed, plaintiff was not in imminent danger of serious physical injury resulting from a predatory cellmate. To the extent plaintiff worries about the possibility of being double-celled in the future, any danger would be speculative, not imminent as of the date the complaint was filed.

Based on the foregoing, the undersigned recommends that defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 13) be granted and that this action be dismissed without prejudice to re-filing upon pre-payment of the full filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 18, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3