IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, also known as Nerrah Brown,<br><br>    Plaintiff,<br><br>  v.<br><br>C. JOKSCH, et al.,<br><br>    Defendants. | No. 2:18-CV-2518-MCE-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Defendant Foulk's motion to dismiss, ECF No. 53, Plaintiff's opposition, ECF No. 59, Defendant Foulk's reply, ECF No. 60, and Plaintiff's sur-reply, ECF No. 62.

### I. PLAINTIFF'S ALLEGATIONS

    Plaintiff names the following as defendants: (1) C. Joksch, correctional officer at High Desert State Prison and (2) Freddie Foulk, warden at High Desert State Prison. See ECF No. 1, pg. 2. Plaintiff alleges that on or around December 26, 2013, Plaintiff "was erroneously sent to High Desert State Prison (HDSP) which does not have a EOP mental health program." Id. at 6. In January of 2014 Plaintiff "was told he was level 3 and would be transferred to a level 3

1

1   EOP mental health program." Id.  However, "HDSP officials did not move Plaintiff to the level 3
2   yard but kept him housed on the level 4 yard while awaiting transfer to a level 3 EOP mental
3   health program." Id.  Plaintiff alleges that he was housed with general population inmates in
4   violation of CDCR policy and procedure.  See id.

5           "In March 2014 a violent level 4 inmate was moved from his building to Plaintiff's
6   building." Id.  Officer Joksch attempted to place the level four inmate with a couple of other
7   level four inmates, but the other level four inmates objected.  See id.  "Officer Joksch then placed
8   this level 4 inmate into the cell with Plaintiff over his objection (policy violation).  The inmate
9   began making unwanted sexual advances against Plaintiff." Id. at 7.  Because of this "Plaintiff
10  requested (confidentially to avoid harm for snitching) he be removed from this cell." Id.  But
11  "Officer Joksch refused to take action." Id.

12          On March 12, 2014, "Plaintiff sent a confidential request to Warden Freddie Folk
13  [sic] seeking to speak to him as he was '. . . put in a situation I am not in agreement with against
14  my will . . .'" Id. (errors in original).

15          "That evening, while using the restroom the level four inmate caught Plaintiff with
16  his pants down and 'raped him'." Id. (errors in original).  Plaintiff alleges that he was threatened
17  that he would be killed if he yelled or reported the matter.  See id.  The next day Plaintiff
18  attempted to be moved out of the cell but was again denied.  See id.  That same day "Plaintiff was
19  again raped and made to do other unspeakable sexual acts . . . ." Id.

20          The following day, March 14, 2014, "Plaintiff refused to reenter the cell and was
21  moved to cell 109 with another level 4 general population inmate.  This inmate began forcing
22  Plaintiff to do unspeakable sexual acts as well." Id.

23          "Plaintiff 'confidentially' again reported to CCI Hellwig and on 4/4/14 Plaintiff
24  was taken to classification and made 'single cell' status." Id.

25          "Plaintiff asserts imminent danger in CDCR's failure to conduct adequate
26  screening for inmates 'prior' to forced double celling." Id.  Plaintiff also asserts that "he was
27  subjected to excessive risk to his safety, exposed to dangerous conditions with deliberate
28  indifference and endured cruel and unusual punishment." Id.

## II. STANDARD OF REVIEW

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

///

///

1           In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

          "The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants.  It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers."  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original).  The rule, however, "applies only to a plaintiff's factual allegations."  See Neitzke v.Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

          Further, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4

## III. DISCUSSION

Defendant Foulk moves to dismiss Plaintiff's original complaint for failing to allege facts showing Defendant Foulk's personal involvement, for failing to state a failure-to-protect claim, because Foulk is entitled to qualified immunity, and because Plaintiff lacks standing for injunctive relief. See ECF No. 53-1, pgs. 5-11.  The Undersigned only discusses whether Plaintiff properly connected Defendant Foulk to a constitutional violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff's complaint alleges that Foulk is the warden of HDSP. See ECF No. 1, pg. 2. He is sued in his individual and his official capacity. See id.  Plaintiff alleges that on March 12, 2014, he "sent a confidential request to Warden Freddie Folk [sic] seeking to speak to him as he was '. . . put in a situation [he is] not in agreement with against [his] will . . .'" Id. at 7. There are no other allegations regarding Foulk.

The Undersigned recommends dismissing Plaintiff's claims against Defendant Foulk.  The complaint fails to state a claim against Foulk because there are no facts showing that Foulk was aware of Plaintiff's concerns or had any involvement with Plaintiff's housing assignment during March 12-14, 2014.  The only allegations involving Foulk is the vague "situation" that Plaintiff was in.  There are no facts that Foulk received the confidential request. There are no facts that Foulk was otherwise aware that Plaintiff was in danger.  The complaint

5

Case 2:18-cv-02518-MCE-DMC   Document 64   Filed 07/07/22   Page 6 of 6

does not link Foulk to any affirmative act or omission that could violate Plaintiff's rights. Therefore, Plaintiff's complaint fails to state a claim as to Defendant Foulk. The Undersigned recommends providing Plaintiff an opportunity to amend his claims against Defendant Foulk.

### IV. CONCLUSION

Based on the foregoing, the Undersigned recommends that:

    1.    Defendant Foulk's motion to dismiss be granted; and

    2.    Plaintiff be given an opportunity to amend his complaint as to allegations against Defendant Foulk.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 7, 2022

                              DENNIS M. COTA
                              UNITED STATES MAGISTRATE JUDGE