1
2
3
4
5
6
7
8       **IN THE UNITED STATES DISTRICT COURT**

9      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KEENAN WILKINS, also known as       No.  2:18-CV-2518-MCE-DMC-P
    Nerrah Brown,
12
          Plaintiff,
13                       ORDER

14      v.

15   C. JOKSCH, et al.,

16           Defendants.

17

18        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion to substitute parties, ECF No.

20 81.

21        This action currently proceeds against Defendants Foulk and Joksch.  On May 16,

22 2023, Defendants filed a notice that Defendant Joksch has died.  See ECF No. 80.  On August 14,

23 2023, Plaintiff filed the pending motion to substitute parties pursuant to Federal Rule of Civil

24 Procedure 25(a)(1).  See ECF No. 81.  Defendants oppose the motion.  See ECF No. 82.

25        As Defendants note, a motion to substitute under Rule 25(a)(1) requires the

26 moving party to provide evidence as to the identity of the deceased party's next of kin or other

27 proper party for substitution.  See F.T.C. v. AMG Servs., Inc., No. 2:12-CV-00536-GMN, 2014

28 WL 2742872, at *2 (D. Nev. June 17, 2014).  A "proper party" under Rule 25(a)(1) is the legal

1

representative of the deceased party; e.g., an executor of the deceased's will or an administrator of his or her estate.  See Mallonee v. Fahey, 200 F.2d 918, 919-920, & n.3 (9th Cir. 1952).  Here, Plaintiff seeks to substitute Julie Banowetz in place of Defendant Joksch.  See ECF No. 81. Plaintiff has not, however, provided the Court with any indication that Ms. Banowetz is Defendant Joksch's legal representative, estate executor, estate administrator, or otherwise is a proper party for substitution.  Further, as Defendants note in their opposition, Plaintiff's motion is not accompanied by proof of proper service under Federal Rules of Civil Procedure 4 and 5, which is required for a motion under Rule 25(a)(1).  See Barlow v. Ground, F.3d 231, 232-234 (9th Cir. 1994).  Finally, as Defendants also note, Plaintiff's motion does not indicate compliance with California law with respect to determination as to whether Plaintiff's claims against Defendant Joksch survive death.  See Robertson v. Wegmann, 436 U.S. 584, 592-95 (1978).

Until such time as a proper motion to substitute is filed and granted, this action will proceed as against Defendant Foulk only.  In this regard, the docket reflects that Plaintiff has filed a second amended complaint pursuant to the District Judge's August 30, 2023, order granting Defendant Foulk's motion to dismiss Plaintiff's first amended complaint.  Defendant Foulk will be required to file a response to Plaintiff's second amended complaint.

Accordingly, IT IS HEREBY ORDERED as follows:

1.      Plaintiff's motion to substitute, ECF No. 81, is DENIED without prejudice to renewal upon a proper showing and service as explained above.

2.      Defendant Foulk shall file a response to Plaintiff's second amended complaint within 30 days of the date of this order.

Dated:  January 23, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2