IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, also known as Nerrah Brown,<br><br>Plaintiff,<br><br>v.<br><br>C. JOKSCH, et al.,<br><br>Defendants. | No.  2:18-CV-2518-MCE-DMC-P<br><br><br>ORDER |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel and an extension of time.  See ECF No. 88.

       The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff argues appointment of counsel is warranted because there is a likelihood of success on the merits of his claim, he is indigent, and he is untrained in the law.  As to the last two reasons, the Court finds that these are typical and not extraordinary circumstances.  As to likelihood of success on the merits, the docket reflects a pending motion to dismiss the second amended complaint.  Until this motion is resolved in Plaintiff's favor, the Court cannot say that Plaintiff has established any particular likelihood of success on the merits.  Finally, a review of the docket reflects that Plaintiff has to date been able to present his claims on his own without the assistance of counsel.  Plaintiff's request for the appointment of counsel will be denied.

The Court will, however, grant Plaintiff additional time to file a pro se opposition to Defendant Foulk's motion to dismiss.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for the appointment of counsel, ECF No. 88, is denied.

2. Plaintiff's request for a 30-day extension of time to file an opposition to Defendant Foulk's motion to dismiss, ECF No. 88, is granted.

3. Plaintiff's opposition is due within 30 days of the date of this order.

Dated:  March 19, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE